# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **AUSTIN MICHAEL HAUTH**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES MARSHALS SERVICE**, <br><br> Defendant. | Case No. 3:24-cv-237-SI <br><br> **ORDER** |

**Michael H. Simon, District Judge.**

Plaintiff Austin Michael Hauth, is a self-represented, or *pro se*, litigant who brings this case against the United States Marshals Service (USMS). Plaintiff identifies himself as "Sir Austin Michael Hauth, U.S. King, International Emperor." Plaintiff's complaint attaches 253 pages and is difficult to decipher. It appears that he is suing the USMS for: (1) failing to sign orders and take other enforcement action against unnamed persons in the state of Oregon who Plaintiff alleges are "traitors" who have "overthrown" the state and are attempting to overthrow the United States' government, and (2) failing to sign and serve an "order of the court" in a "non-ordinary judicial proceeding," drafted by Plaintiff, "command[ing]" that JP Morgan Chase and U.S. Bank "send" all their "assets" to Plaintiff. The Court finds that even under the liberal

pleading standards afforded a *pro se* plaintiff, Plaintiff fails to state a claim upon which relief can be granted. Accordingly, for the reasons stated below, the Court dismisses this case.

**A. Legal Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure a trial court may dismiss a complaint *sua sponte* for failure to state a claim. *See Reed v. Lieurance*, 863 F.3d 1196, 1207 (9th Cir. 2017). A trial court typically "must give notice of its intention to dismiss and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion." *Id.* (cleaned up). A trial court need not do so, however, when "[p]laintiffs cannot possibly win relief." *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981); *see also Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief." (citation omitted)).

A complaint fails to state a claim when there is no cognizable legal theory or the factual allegations are insufficient to support a claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). But to be entitled to a presumption of truth, the complaint must do more than simply allege legal conclusions couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The plaintiff "may not simply recite the elements of a cause of action, but must [provide] sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The underlying factual allegations must "*plausibly* suggest an entitlement to relief." *Id.* (emphasis added). "A

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

Self-represented plaintiffs receive special dispensation. A court must liberally construe the filings of a *pro se* plaintiff and afford the plaintiff the benefit of any reasonable doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Further, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Florer v. Congregation Pidyon Shevuyim*, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011) (quotation marks omitted). "Unless it is absolutely clear that no amendment can cure the defect, . . . a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). But even a *pro se* plaintiff must offer more than "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

**B. Analysis**

The Court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court may sua sponte dismiss allegations found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *see also Nietzke*, 490 U.S. at 327 (explaining that a court may dismiss a complaint sua sponte that contains "claims describing fantastic or delusional scenarios"); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635,

638 (9th Cir. 1988) (holding that a district court may sua sponte dismiss for failure to state a claim without notice or an opportunity to respond when the plaintiff cannot possibly win relief).

Plaintiff's claims and requested relief are not well articulated. Plaintiff's nearly 260-page attachment includes correspondence to the Federal Bureau of Investigation, state and federal courts in Oregon, agencies in other states, the U.S. Department of Justice, the Cybersecurity and Infrastructure Security Agency, and additional state and federal agencies and personnel and other individuals. Plaintiff's claims are not plausible. They fail to state a claim and are "frivolous," "fanciful," "fantastic," and "delusional" as those terms are used in evaluating the sufficiency of a complaint. The Court concludes that Plaintiff cannot possibly win relief, and thus dismisses Plaintiff's claim without leave to amend. Thus, the Court dismisses Plaintiff's motion for appointment of pro bono counsel as moot.

C.  Conclusion

The Court DISMISSES Plaintiff's Complaint (ECF 1) for failure to state a claim upon which relief may be granted. The Court DISMISSES Plaintiff's Motion for Appointment of Pro Bono Counsel (ECF 2) as MOOT.

**IT IS SO ORDERED.**

DATED this 16th day of February, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
